IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BEI-JING TASHAWNA WALKER, | § |
| Plaintiff, | § § § |
| v. | §   CIVIL ACTION NO: 3:20-CV-3512 |
| WHATABURGER RESTAURANTS LLC, and ARTEMIO MELERO, | § § § § |
| Defendants | § § |

**ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Bei-jing Walker ("Plaintiff") complains of Defendant Whataburger Restaurants, LLC, ("Whataburger") and Defendant Artemio Melero, (collectively referred to as "Defendants") and for causes of action would show the Court as follows:

**I.**

**Introduction**

1.01   Plaintiff brings this action for sexual discrimination and sexual harassment in the workplace under Title VII.  The Plaintiff further asserts the claims of negligent retention and assault arising out of sexual assaults while at work by Shift Manager, Artemio Melero.

**II.**

**Parties**

2.01   Plaintiff Bei-Jing Walker is an individual who is a citizen in the State of Texas. She resides at 5920 Herbert Lane, Texas City, Texas 77591.

2.02    Defendant Whataburger Restaurant, LLC, ("Whataburger") is a privately held, regional fast food restaurant chain. Its principal offices are located at One Whataburger Way, Corpus Christi, Texas 78411.  It may be served through its registered agent for service of process within the State of Texas, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701.

2.03    Defendant Artemio Melero was the shift manager responsible for assaulting and harassing Plaintiff. He is an individual, who may be served at, "wherever he may be found."

### III.

### Jurisdiction and Venue

3.01    Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, and attendant and supplemental jurisdiction of the common law claims.

3.02    Venue for all causes of actions stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District, pursuant to 28 U.S.C. § 1391.

### IV

### Factual Allegations

4.01    Plaintiff was employed by Defendant Whataburger at franchise store #891 located at 215 N. Interstate 45 Service Road, Hutchins, Texas 75141.

4.02    At all material times Artemio Melero ("Melero") was the shift manager at Store #891 in Hutchins, Texas. Whataburger runs the restaurant to provide food service to the public. Plaintiff was employed at Store #891 in connection with such food service.

4.03    Defendant Whataburger, through the actions of Melero, maintained an environment that was hostile toward Plaintiff. Melero would repeatedly harass Plaintiff and other female

employees, by groping them and by various types of, and repeated sexual advances.

4.04    Plaintiff, as well as other female employees before and after her, made complaints to Whataburger management, but management did not perform an adequate or reasonable investigation, nor did it take reasonable action to prevent further harassment. Plaintiff finally made a report of the sexual harassment and assault to the Hutchins Police Department.

4.05    Despite Plaintiff's complaints, Melero continued his harassment and sexual advances toward Plaintiff, and toward other female employees. After Plaintiff refused Melero's sexual advances and reported his sexual harassment to Whatburger management, Melero and Whataburger retaliated against Plaintiff by refusing to promote Plaintiff to a lead position which she had been promised by Melero, and for which she had been trained. Additionally, after reporting the sexual harassment by Melero, Plaintiff's work hours were adversely affected. Such actions constitute constructive discharge of Plaintiff, inasmuch as Defendants have created a work environment so intolerable that a reasonable person would feel compelled to resign.

V.

### First Count

### Discrimination because of Sex in Violation of Title VII, 42 U.S.C. § 2000(e) *et seq*

(Against Whataburger Restaurants LLC)

5.01    The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

5.02    Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely females. 42 U.S.C. § 2000e(f).

5.03    Defendant Whataburger is an employer within the meaning of Title VII, since it

employs more than fifteen employees. 42 U.S.C. § 2000e(d).

5.04   Defendant Whataburger intentionally discriminated against Plaintiff because of her sex in violation of Title VII by creating a work environment hostile to women and engaging in *quid pro quo* sexual harassment.

5.05   Plaintiff has timely filed with the Equal Opportunity Employment Commission ("EEOC") a charge of discrimination. Plaintiff has received Notice of Right to Sue Letter dated September 10, 2020.

5.06   As a direct and proximate result of Defendant Whataburger's conduct, Plaintiffs suffered the following injuries and damages:

   a.   Plaintiff suffered physical injury and violation as a result of Melero's conduct.

   b.   Plaintiff suffered mental anguish and emotional distress, as well as loss of enjoyment of life, inconvenience, and general damages.

5.07   Plaintiff is entitled to an award of attorneys' fees and costs under Title VII, U.S.C. §2000e-5(k).

5.08   Defendant Whataburger violated Title VII by discriminating against Plaintiff in connection with compensation, terms, conditions, or privileges of employment because of Plaintiff's sex. Plaintiff was subjected to a continuous course of harassment and worked in a sexually hostile environment.

5.09   Such discrimination by Whataburger against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary damages. Further, this discrimination was done with malice or with reckless indifference to

Plaintiff's federally protected rights. Plaintiff is therefore also entitled to recover punitive damages.

## VI.

## Second Count

### Intentional Infliction of Emotional Distress

(Against Defendant Melero)

6.01    The foregoing paragraphs of this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

6.02    Defendant Melero acted intentionally and/or recklessly toward Plaintiff by participating in and/or having knowledge of one or more of the following:

   a.   Melero subjected Plaintiff to a long history of sexual harassment, including groping and sexual innuendo.

   b.   Melero continued his scheme of using female employees as his personal harem by retaliating against Plaintiff for refusing his sexual advances.

   c.   Melero gave preferential treatment to certain female employees, while promising and then refusing promised promotions and/or more desirable supervisory responsibilities to those complaining of his harassment or refusing his sexual advances.

6.03    The Defendants knew or had reason to know of facts that created a high degree of risk to Plaintiff and either failed to act, was indifferent to, and/or acted in conscious disregard of this risk. The actions and conduct of Defendant were extremely outrageous and caused Plaintiff severe mental, emotional, and physical distress. Plaintiff therefore seek damages for past and future severe emotional distress in an amount in excess of the minimum jurisdictional limits of this Court.

6.04    Defendants' actions and conduct were harassing, oppressive and malicious. The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff therefore seeks exemplary

damages in an amount in excess of the minimum jurisdictional limits of this Court.

6.05    Such acts were committed with malice, in that Melero, a Shift Manager of Whataburger, acting in the course and scope of such manager's employment, specifically intended to cause substantial injury to Plaintiff, or, in the alternative, committed acts or omissions which, when viewed objectively from the leader's standpoint at the time of occurrence involve an extreme degree of risk, considering the probability and magnitude of potential harm to others; and of which such manager had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Whataburger authorized the doing and manner of the acts by Melero, or Melero was unfit and his employer was reckless in employing such shift manager, or Melero was employed in a managerial capacity and was working within the scope of employment, or Whataburger, or a manager of Whataburger, ratified or approved the acts. Therefore, Whataburger is vicariously liable to Plaintiff for actual and exemplary damages. Plaintiff therefore seeks actual and exemplary damages in amounts in excess of the minimum jurisdictional limits of this Court.

## VII.

## Third Count

## **Assault and Battery**

(Against all Defendants)

7.01    The foregoing paragraphs of this Complaint are incorporated in this count by reference as if set forth at length herein.

7.02    Plaintiff was the victim of sexual assault and battery suffered at the hands of Melero, a shift manager either acting in the course and scope of his employment or engaging in actions and behavior that was ratified by Whataburger. Plaintiff was subjected to unwanted and

offensive groping by Melero. Whataburger had previously been notified of Melero's conduct and were negligent in their hiring and/or retention of Melero after knowing of his abusive tendencies. Such retention constitutes authorization or ratification of Melero's acts. Defendants knew that Melero was unfit and Whataburger acted with malice in retaining Melero.

7.03    Whataburger knowingly or negligently caused Plaintiff to be put in a position where she was at great risk of assault by Melero.

7.04    As a result of these actions, Plaintiff has endured shame, embarrassment, humiliation and mental, emotional and physical pain and anguish. Plaintiff therefore seeks actual damages.

7.05    The acts of sexual assault and battery committed upon Plaintiff were intentional and willful, and exposure of Plaintiff to such acts and the ratification by Whataburger of such acts were done with conscious indifference to the rights and welfare of Plaintiff. Plaintiff is therefore entitled to recover exemplary damages. Accordingly, Plaintiff sues Whataburger for exemplary damages.

7.06    Such acts and conduct were committed with malice in that Melero, a shift manager of Whataburger, acting in the course and scope of such employment, specifically intended to cause substantial injury to Plaintiff, or in the alternative, committed acts or omissions which, when viewed objectively from the shift leader's standpoint at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and of which such shift leader had actual, subjective awareness of the risks involved, but nonetheless proceeded with conscious indifference to the rights, safety or welfare of others. Whataburger authorized the doing and the manner of the acts by Melero, or Melero was unfit and Whataburger was reckless in employing such shift manager, or Melero was employed in a

leadership or management capacity and was acting in the scope of employment, or Whataburger, or a manager of same, ratified or approved the acts of Melero. Therefore, the Whataburger is liable to Plaintiff for exemplary damages.

## VIII.

## Fourth Count

### Negligent Retention

(Against Whataburger Restaurants LLC)

8.01   The foregoing paragraphs of this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

8.02   On information and belief, Whataburger had ample notice of the propensity of Melero to harass employees. Whataburger was under a duty to inquire as to the competence of leaders or managers whom they retained in their employment, especially after instances of employee abuse had occurred and had been documented. Nevertheless, Whataburger retained Melero in their employ and were therefore directly negligent toward Plaintiff and liable for the damages that were proximately caused by Melero's assault and battery of Plaintiff, intentional infliction of emotional distress upon Plaintiff, sexual discrimination and harassment of Plaintiff and other torts against Plaintiff. Plaintiff's damages include past and future lost earnings, past and future damages to earnings capacity, past and future mental anguish and emotional distress, and other actual damages.

8.03   The conduct of Whataburger in retaining Melero in their employment was grossly and wantonly negligent, in that it subjected Plaintiff to an extreme risk of injury. Whataburger was consciously indifferent to the extreme peril that the retention of Melero in its employment created, in that Defendants knew from prior incidents involving Melero that his conduct constituted an

extreme risk of peril to employees under his supervision, and continued in that course of conduct because it was indifferent to the peril to others that was created. Plaintiff is therefore entitled to recover exemplary damages. Accordingly, Plaintiff sues for exemplary damages.

8.04   Such acts and conduct were committed with malice, in that Melero, a shift manager of Whataburger, acting in the course and scope of such employment or proximately to his employment, specifically intended to cause substantial injury to Plaintiff, or, in the alternative, committed acts or omissions which, when viewed objectively from the manager's standpoint at the time of occurrence, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others, and of which such manager had actual, subjective awareness of the risks involved, and nevertheless proceeded with conscious indifference to the rights, safety or welfare of others. Whataburger authorized the doing and the manner of the acts by Melero, or Melero was unfit and Whataburger was reckless in employing such manager, or Melero was employed in a leadership or management capacity and was acting in the scope of employment, or Whataburger, or a manager of Whataburger, ratified or approved the acts of Melero. Therefore, Defendants are liable to Plaintiff for exemplary damages, which Plaintiff seeks.

## IX.

## Jury Trial Demanded

9.01   Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that on final trial, Plaintiff have and recover and the following relief against Defendant:

(1)   Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2)     Judgment for back pay and front pay as allowed by law;

(3)     Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses;

(4)     Damages for past and future mental anguish, emotional distress and physical distress, subject to discretion of the jury, but estimated by Plaintiff to be $200,000;

(5)     Exemplary damages in an amount to be determined by the trier of fact, but Plaintiff is requesting maximum amount of exemplary damages;

(6)     Prejudgment and Post-judgment at the maximum legal rate;

(7)     All costs of court;

(8)     All reasonable attorneys' fees, which are authorized under 42 U.S.C. 2000e; and

(9)     Such other and further relief to which Plaintiffs may be justly entitled.


Date: November 30, 2020.


Respectfully submitted,

THE WISELY LAW FIRM, PLLC


By: /s/ Vincent E. Wisely
    Vincent E. Wisely
    State Bar No. 24029904

5601 Bridge St., Suite 300
Fort Worth, Texas 76112
(214) 802-5516 – Telephone
(817) 476-6388 – Facsimile

vincewisely@gmail.com

ATTORNEY FOR PLAINTIFF
BEI-JING TASHAWNA WALKER